IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ROQUE "ROCKY" DE LA FUENTE** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No._____** |
| v.  : | |
| : | |
| **DR. BRENDA C. SNIPES, in her official** : | |
| **capacity as the Broward County Supervisor** : | |
| **of Elections; and, KEN DETZNER, in his** : | |
| **official capacity as the Florida Secretary** : | |
| **of State** : | |
| : | *Filed Electronically* |
| **Defendants.** : | |

## COMPLAINT FOR INJUNCTIVE, DECLARATORY & MONETARY RELIEF

1.   Plaintiff, ROQUE "ROCKY" DE LA FUENTE (hereinafter either "Roque De La Fuente" or "Mr. De La Fuente" ), by and through his undersigned legal counsel, file this civil action for prospective equitable relief against defendant, DR. BRENDA C. SNIPES, in her official capacity as the Broward County Supervisor of Elections, for her unlawful acts and/or omissions pertaining to the counting of votes on absentee ballots within Broward County in the 2016 Florida general election and prospective equitable relief against defendant KEN DETZNER in his official capacity as the Secretary of State for the State of Florida charged with enforcement of Title IX, Chapter 102, Section 166 to ensure the right to vote is not impaired by actions such as the actions of election official Snipes, all

1

in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## NATURE OF THE COMPLAINT

2.	This is an action to enforce rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America.

3.	This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking: (1) prospective injunctive relief against defendant Snipes, and her successors in office, enjoining Defendant from directing, permitting and/or allowing blank and executed absentee ballot applications and absentee ballots from being delivered into any office, room and/or any other place with a door which might shield absentee ballot applications and ballots from public view and inspection; (2) prospective injunctive relief against Defendant Snipes, and her successors in office, enjoining Defendant from prohibiting and/or adopting any policy which would prohibit candidates and/or their representatives from inspecting defendant's office at any time within 90 days of an election (3) prospective relief against Defendant Detzner, enjoining Defendant Detzner, and his successors in office, from enforcing Title IX, Chapter 102, Section 166 of the Florida Statutes prohibiting election recounts where evidence of election irregularities is alleged with particularity against election officials through sworn

affidavit; and (5) declaratory relief declaring Title IX, Chapter 102, Section 166 of the Florida Statutes is unconstitutional as applied to the protection of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution upon factual allegation of election fraud against Florida election officials.

4. A temporary employee of the Supervisor of Elections for Broward County has publicly alleged, through sworn affidavit, that she witnessed Defendant Snipes' employees engaged in systematically filling out blank ballots in a locked room. *See*, Exhibit A

5. The above actions committed by Defendant Snipes' office diluted the percentage of the vote cast for Plaintiff in Broward County and violates the basic constitutional principal of "One Man – One Vote" mandated by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America for which Plaintiff requests appropriate prospective equitable relief.

6. Defendant Detzner's enforcement of Title IX, Chapter 102, Section 166 of the Florida Statutes, which fails to provide any review upon an allegation of election irregularities deters the discovery of election irregularities (and possible fraud) and encourages these irregularities ( and possible fraud), because the larger the number of illegally counted votes, the more likely that the election results will

not be within the .25% margin necessary to trigger an automatic recount providing public officials engaged in election impropriety and/or fraud, substantial assurance that their unlawful conduct will not be investigated and/or discovered and impairing rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America for which Plaintiff requests appropriate equitable relief.

## JURISDICTION

7.  Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

8.  Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiff alleges a violation of rights guaranteed to him under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America.

## VENUE

9.  Venue is proper in the United States District Court for the Northern District of Florida under 28 U.S.C. § 1391 as Defendant Detzner exercises his authority within the district and maintain his primary office within this district.

## PARTIES

10. Plaintiff, Roque De La Fuente, is an independent candidate for President of the United States in the 2016 general election. Plaintiff is a resident of the State of Florida residing at 625 West Winter Park Street, Orlando, Florida, 32804. Plaintiff's name was printed on the 2016 Florida general election ballot for the office of President of the United States.

11. Defendant, Dr. Brenda C. Snipes, is the Broward County Supervisor of Elections and is in charge of the printing and sending of absentee ballot applications, receiving completed ballots and absentee ballots, conducting and supervising primary and general elections held within the jurisdiction of Broward County and the counting and certification of election results within Broward County. Defendant Snipes is the supervisor of Broward County's election staff. Defendant Snipes' principal place of business is located at 115 South Andrews Avenue, Room 102, Fort Lauderdale, Florida, 33301.

12. Defendant Ken Detzner is the Florida Secretary of State and is charged by Florida statute with enforcement of Title IX, Chapter 102, Section 166 of the Florida Statutes which Plaintiff challenges as impairing rights guaranteed under the Equal Protection Clause of the United States Constitution because the challenged statute prohibits any post-election review of ballot to resolve allegations of serious election improprieties or fraud. Defendant Detzner's

principal place of business is 500 South Bronough Street, Tallahassee, Florida, 32399.

## **FACTUAL ALLEGATIONS**

13. Plaintiff was an independent candidate and Reform Party candidate for President of the United States and appeared on Florida's 2016 general election ballot for the office of President of the United States.

14. Title IX, Chapter 102, Section 166 of the Florida Statutes provides for a recount of election result and review of election ballots only if the margin between the top two candidates is within .25% of the total number of votes cast in an election.

15. Title IX, Chapter 102, Section 166 of the Florida Statutes provides no avenue to review election ballots upon factual allegations of election improprieties and/or fraud.

16. The narrow .25% margin required to trigger an election recount under Title IX, Chapter 102, Section 166 of the Florida Statutes encourages election improprieties and/or fraud, because election officials, and others in a position to execute an improper or fraudulent election scheme, can be reasonably confident that the challenged statute will prevent any examination and/or discovery of their unlawful conduct absent the existence of extraordinary third party testimonial evidence.

17. In the instant action, extraordinary third party testimony reveals that Chelsey Marie Smith (hereinafter "Ms. Smith"), a temporary employee in the Broward County Supervisor of Election's office, witnessed the completion of blank absentee ballots by employees of Broward County's Supervisor of Elections in a locked room (the "Pitney-Bowes Room") to which she was instructed by her supervisor to deliver absentee ballot request forms. *See* "Affidavit of Chelsey Marie Smith" attached hereto as Exhibit A.

18. On a second trip into the Pitney-Bowes Room, Ms. Smith saw four Broward County election employees filling out absentee ballots with the same black pens used at Broward County polling sites, moving completed ballots from the blank stack of ballots to a pile of completed ballots. *See* "Affidavit of Chelsey Marie Smith" attached hereto as Exhibit A.

19. Defendant Snipes knows, or should have known, that the acts of filling out absentee ballots by public employees and/or officials violates clearly established precedent that such conduct violates rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

20. Based on information and belief, the unlawful completion of absentee ballots witnessed as having been filled out by employees of Broward County's

Supervisor of Elections were included in the initial election results reported for the 2016 presidential election.

21. The allegations of election improprieties and/or fraud, if proven to be true, resulted in the dilution of the percentage of votes cast for Plaintiff in Broward County.

22. Based on information and belief, defendant Snipes has actual knowledge of the alleged election improprieties and/ or fraud witnessed by Ms. Smith.

23. Defendant Snipes has certified or will certify Broward County's 2016 general election result on or before December 13, 2016, without taking any steps to remediate the improperly completed and/or fraudulent ballots completed by her staff , all despite her actual knowledge of the election improprieties committed by employees under her direct control and responsibility.

24. Plaintiff has no other adequate remedy at law.

## COUNT I
## (FEDERAL EQUAL PROTECTION)

25. Plaintiff reasserts each preceding allegation as if set forth fully herein.

26. The election improprieties and/or fraud witnessed by Ms. Smith dilutes the legal votes cast in Broward County's 2016 general election in direct violation of the "One Man – One Vote" principal guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

27. Defendant Snipes has taken no action to eliminate the election improprieties and/or fraud committed by employees under her direct and ultimate supervision and control.

28. Defendant Snipes has or will certify election results for the office of President of the United States for which she has actual knowledge to be based in part on votes improperly counted.

29. The vote dilution resulting from the election improprieties committed under the supervision and direct knowledge of defendant Snipes is the direct and proximate result of the reduction of the percentage of the vote reported to have been cast for Plaintiff in Broward County's 2016 general election for the office of President of the United States.

30. Accordingly, the intentional act and/or omissions of Defendant Snipes is the direct and proximate cause of the impairment of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution for which Plaintiff demands relief.

## COUNT II
### (AS-APPLIED FEDERAL EQUAL PROTECTION VIOLATION)

31. Plaintiff reasserts each preceding allegation as if set forth fully herein.

32. Title IX, Chapter 102, Section 166 of the Florida Statutes prohibits a recount and/or examination of ballots cast in an election unless the margin of votes cast for the top two candidates is .25% of the votes cast or less.

33. Title IX, Chapter 102, Section 166 of the Florida Statutes prevents the exposure of intentional election improprieties and/or fraud.

34. Title IX, Chapter 102, Section 166 of the Florida Statutes fails to provide any mechanism to factually resolve allegations of election improprieties and/or fraud by public election officials.

35. Title IX, Chapter 102, Section 166 of the Florida Statutes protects public officials who commit acts of intentional election improprieties and/or election fraud because it prevents the examination of ballots unless the margin between the top two candidates is equal to, or less than, .25% of the total votes cast in any election.

36. Defendant's enforcement of Title IX, Chapter 102, Section 166 of the Florida Statutes, as applied to the prohibition of an election recounts or other examination of ballots upon factual allegations of intentional election improprieties and/or election fraud, is a direct and proximate cause of the impairment of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

40. Accordingly, Defendant Detzner's enforcement of Title IX, Chapter 102, Section 166 of the Florida Statutes, as applied to the allegations of intentional election improprieties and/or election fraud, impairs rights guaranteed to Plaintiff

under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution for which Plaintiff demands relief.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Enter prospective injunctive relief against defendant Snipes, and her successors in office, enjoining defendant from directing, permitting and/or allowing blank and executed absentee ballot applications and absentee ballots from being delivered to or held in any office, room and/or any other place with a locking door, except a safe or other secure location for the storage of documents, which might close off absentee ballot applications and ballots from public view and inspection;

    b.    Enter prospective injunctive relief against defendant Snipes, and her successors in office, enjoining defendant from prohibiting and/or adopting any policy which would prohibit candidates and/or their representatives from inspecting defendant's office at any time during business hours within 90 days of an election;

    c.    Enter prospective injunctive relief against Defendant Detzner enjoining Defendant Detzner, and his successors in office, from enforcing Title IX, Chapter 102, Section 166 of the Florida Statutes prohibiting election recounts

where evidence of intentional election improprieties and/or election fraud is alleged with particularity against election officials through sworn affidavit;

  d. Enter declaratory relief declaring Title IX, Chapter 102, Section 166 of the Florida Statutes is unconstitutional as applied to the protection of rights guaranteed to Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution where allegations of intentional election improprieties and/or election fraud are made against Florida election officials.

  f. Award Plaintiff the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

  g. Retain jurisdiction of this action and grant plaintiff such other relief which may in the determination of this Honorable Court to be necessary and proper.

            Respectfully submitted,

Dated: December 6, 2016    ___/s/ *Michael Steinberg*_____
              Michael Steinberg, Esq.
              *Legal Counsel to Plaintiff*
              FL BAR I.D. 340065
              4925 Independence Parkway
              Suite 195, Tampa, FL 33634
              1.813.221.1300
              MAS@SSALAWYERS.COM