# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROQUE "ROCKY" DE LA FUENTE
GUERRA,

    *Plaintiff*,

v.                                                   Case No. 4:16-cv-751-MW/CAS

BRENDA SNIPES, Broward County
Supervisor of Elections, and
KEN DETZNER, Secretary of the
State of Florida,

    *Defendants*.

_____/

## FLORIDA SECRETARY OF STATE'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

The Florida Secretary of State (the Secretary), pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m), hereby moves to dismiss the complaint.[1]  The

---

[1] The Court has not yet ruled on the plaintiff's Response to its Order to Show Cause.  However, as the Secretary was finally served on March 14, 2017, this Motion to Dismiss is filed in an abundance of caution, addressing solely the issue of plaintiff's failure to timely serve process on the Secretary, and without waiving any other defenses available to the Secretary.  As set out more fully in the instant motion, based on a review of the plaintiff's Response to Order to Show Cause it appears clear that plaintiff has not shown good cause and his claim should be dismissed.  Should this court rule otherwise, however, the Secretary asks for additional time to respond fully to the complaint.

plaintiff has failed to serve the defendant Secretary of State within 90 days of filing the complaint, and this Court should therefore dismiss the complaint.

## Memorandum of Law

A plaintiff is required to serve a defendant within 90 days of filing the complaint or risk dismissal, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The plaintiff did not meet the deadline required by Rule 4(m). The complaint was filed on December 6, 2016; therefore, under Rule 4(m), the plaintiff was required to serve the defendants within 90 days—that is, by March 6, 2017. *See* Fed. R. Civ. P. 4(m). But the plaintiff waited until March 14, 2017, to serve the Secretary of State—even though the Court had entered a show cause order on March 1, 2017, essentially alerting the plaintiff to the approaching deadline and giving the plaintiff extra notice to comply, which the plaintiff chose to ignore.

Furthermore, the plaintiff has utterly failed to meet his burden of showing any "good cause" that would excuse his failure to satisfy the deadline. *Cf. Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss—here, the

plaintiffs—and necessitates a demonstration of why service was not made within the time constraints") (internal quotation marks and citations omitted). Attorney error alone is not "good cause." *See Traina v. U.S.*, 911 F.2d 1155, 1157 (5th Cir. 1990) ("Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause . . ."); *cf. In re Kirkland*, 86 F.3d 172, 175-76 (10th Cir. 1996) (indicating that "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service . . . . The plaintiff who seeks to rely on the good cause provision must show *meticulous efforts* to comply with the rule") (emphasis supplied).

    The plaintiff here, in his response to the Court's show cause order, merely indicates that it was—at best—a lack of communication among the plaintiff and the plaintiff's attorneys that caused the failure to serve the defendant by the deadline. While plaintiff's counsel states that he was "awaiting instructions from the Plaintiff as to whether [the plaintiff] wished to proceed," plaintiff's counsel apparently never made his client aware of the impending deadline or, if he did, never made an inquiry as to how, if, or when the deadline would be met. Pl.'s Resp. to Order to Show Cause 1–2. At no time has plaintiff's counsel even tried to withdraw as counsel for the plaintiff and he makes no explanation as to why he thought he was excused from his responsibility to timely meet deadlines for his client, or even communicate with his client, as the critical deadline loomed. Even when the Court alerted plaintiff's

counsel of the deadline approximately five days before it was to expire, plaintiff's counsel failed to timely act to prevent default.

Although the plaintiff's Response to the Order to Show Cause serves as an explanation as to why the deadline was ignored, it is far from a showing of good cause, nor is there any case law cited that would support such a conclusion (or any case law cited of any kind). It appears plaintiff's counsel was aware of the deadline but decided to ignore it, expecting his client would retain someone else in time to take care of it. Pl.'s Resp. to Order to Show Cause 1–2. This is far from the *meticulous effort* that is required to establish good cause and this case should be dismissed. *See Kirkland*, 86 F.3d at 176.

WHEREFORE, the Florida Secretary of State prays that the Court dismiss the complaint on the basis of the plaintiff's failure to serve the defendant pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

[*Signature block on next page*]

Respectfully submitted,

*/s/ W. Jordan Jones*
DAVID A. FUGETT (FBN 835935)
 *General Counsel*
 david.fugett@dos.myflorida.com
W. JORDAN JONES (FBN 87766)
 *Assistant General Counsel*
 jordan.jones@dos.myflorida.com

FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*Counsel for the Florida Secretary of State*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this motion is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this seventh day of April, 2017.

*/s/ W. Jordan Jones*
ATTORNEY

5

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing memorandum complies with the type-volume requirements of N.D. Fla. Loc. R. 5.1(C) and 7.1(F) because it contains 866 words, excluding the case style, signature block, and certificates; and it was prepared using Microsoft Word with Times New Roman 14-point font.

                                                     */s/ W. Jordan Jones*
                                                     ATTORNEY