UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF FLORIDA
Civil Action No. 4:16-cv-751-MW/CAS

Rocque "Rocky" De La Fuente Guerra, and

    Plaintiff,

v.

Brenda Snipes, Supervisor of Elections of
Broward County, FL, et. al.

    Defendants.

## DEFENDANT SNIPES' MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, BRENDA SNIPES, Broward County Supervisor of Elections, by and through legal counsel, and hereby files this Motion to Dismiss Complaint and says:

1. Plaintiff failed to timely serve process in accordance with Federal Rules of Civil Procedure 4(m). More specifically, this action was filed on December 6, 2016. This action was served on Defendant Snipes on March 21, 2017. The applicable Federal Rules states:

> **Rule 4 – Summons**
>
> *(m)* **Time Limit for Service**. *If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).* [emphasis added]

Plaintiff responded to the Courts March 1, 2017 Order to Show Cause on March 17, 2017. The response fails to show "good cause" why this action should not be dismissed for failure to meet the rule deadline. See, <u>In re Kirkland</u>, 86 F. 3rd 172, 175-76 (10th Cir. 1996) (inadvertence or negligence alone do not constitute good cause for failure to timely serve). For the Court's consideration, there are many other grounds upon which this case should be dismissed. In an abundance of caution, Defendant Snipes desires to set forth several grounds for dismissal consideration. Said grounds are in no way exhaustive to those set forth herein.

2. Plaintiff fails to state a claim upon which relief can be granted. Plaintiff cites a Federal claim based on Equal Protection grounds for which the sole support is an affidavit from a former employee not aware of a Florida Statute requiring duplication of federal write-in absentee ballots where there is physical damage. See, Section 101.5614, Florida Statutes. The Complaint fails to cite a violation or derogation of any existing rule or law.

3. Plaintiff also fails to properly allege fraud. The relevant rule requires that " a party must state with particularity the circumstances constituting the fraud. See Federal Rules of Civil Procedure, Rule 9(2)(b). Plaintiff's allegations of "fraud" are nothing more than illogical, unrelated conclusory statements.

4. Plaintiff has filed this action in an improper venue. Plaintiff states in Paragraph 9 of his Complaint that he "maintains his primary office within the district."  In Paragraph 10 of his Complaint, Plaintiff states that he resides in "Orlando, Florida" (the Middle District). As the Court is aware, maintaining said office is not the standard for establishing proper venue. See, 28

U. S. Code Section 1391.  Assuming Plaintiff can get beyond the numerous deficiencies of his Complaint, venue could lie in the Middle or Southern Districts of Florida but not the Northern.

5.  Plaintiff lacks standing and his claims are not ripe.  Article III standing requires: (1) an injury-in-fact that is "actual or imminent, not 'conjectural' or 'hypothetical,'" (2) a causal connection between the injury and the complained of conduct, and (3) a likelihood that a favorable decision will alleviate the injury. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Plaintiffs bear the burden of pleading these three elements, and a failure on even one element deprives this Court of jurisdiction. See <u>Id</u>.; <u>Elend v. Basham</u>, 471 F.3d 1199, 1206 (11th Cir. 2006)

It is the position of Defendant Snipes that the failure to timely serve is enough as grounds for dismissal.  Other non-exhaustive grounds are also stated herein.

**WHEREFORE**, Defendant requests a dismissal of Plaintiff's Complaint for all of the foregoing reasons and as to all counts.

Respectfully submitted,

**For the Defendant**:            <u>/s/ Burnadette Norris-Weeks</u>
Burnadette Norris Weeks, Esq.
(Fla. 00949930)
Michelle Austin Pamies, Esq.
(Fla. 0088994)
BURNADETTE NORRIS WEEKS, PA
401 Avenue of the Arts
Fort Lauderdale, FL 33311
Tel: (954) 768-9770
Fax: (954) 768-9790
Email:bnorris@bnwlegal.com;
maustin@apnwlaw.com;
paralegal@bnwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, I served the foregoing on counsel of record below by electronic mail as follows:

*s/Burnadette Norris-Weeks*
Burnadette Norris Weeks, Esq.
Fla. Bar #0949930

## SERVICE LIST

Michael Steinberg, Esq.
Counsel for Plaintiff
4925 Independence Parkway
Suite 195
Tampa FL 33634
Phone: (813) 221-1300
Email: mas@ssalawyers.com


Ken Detzner
Secretary of State of Florida
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
Email: SecretaryofState@DOS.MyFlorida.com