IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE GUERRA, | : <br> : <br> : **CIVIL ACTION** |
| Plaintiff, | : <br> : No. 4:16-cv-751-MW/CAS |
| v. | : <br> : |
| DR. BRENDA C. SNIPES, both in her official capacity as the Broward County Supervisor of Elections and in her personal capacity; and, KEN DETZNER, in his official capacity as the Florida Secretary of State | : <br> : <br> : <br> : <br> : |
| | : *Filed Electronically* |
| Defendants. | : |

**PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff's action to serve the Complaint in this Action on all defendant's before this Court issued an adjudication of plaintiff's timely response filed on March 17, 2017, to this Court's Order to Show Cause issued on March 1, 2017 militates in favor of this Court denying defendants' motions to dismiss the Complaint filed in this action for the sole reason that service was not accomplished within the new 90 day period amending the old 120 day time period under Rule 4(m) of the Federal Rules of Civil Procedure.  Furthermore, defendants have offered no evidence that they suffered any prejudice as a result of the service of the Complaint on defendant Detzner on March 14, 2017 and defendant Snipes on

1

March 21, 2017, 8 and 15 days late respectively under the 90 day service period established under Rule 4(m).

## FACTS

Plaintiff filed the instant Complaint on December 6, 2016. Plaintiff concedes that timely service of the Complaint under amended Rule 4(m) was not effected within the 90 day period which lapsed on March 6, 2017. Service of the Complaint was effected only 8 days late on defendants Detzner and 15 days late on defendant Snipes. On March 1, 2017 this Court issued an Order to Show Cause on plaintiff requiring a response on or before March 17, 2017. Plaintiff timely filed a response to this Court's Order to Show Cause on March 17, 2017. Plaintiff effected service on all defendants in this case before this Court had an opportunity to determine if the delay in service was for "good cause" requiring an extention of time to serve the Complaint on defendants and, if not, whether the Court would nevertheless extend the period of time to serve defendants by setting a new deadline.

## ARGUMENT

I. **Plaintiff Has Shown "Good Cause" for the Delay In Service of the Complaint.**

Interpreting a Federal Rule of Civil Procedure is no different from interpreting a statute. Thus, "the starting point…is the language of the [Rule] itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108

(1980)  And, in this respect, it is fundamental that "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."  *Perrin v. United States*, 444 U.S. 37, 42 (1979).  But at the same time, proper interpretation proceeds "with reference to the…context, 'structure, history and purpose'" of the Rule, "not to mention common sense."  *Abramski v. United States*, 573 U.S. ____, 134 S.Ct. 2259, 2267 (2014).

Plaintiff agrees that Rule 4(m) makes it unambiguously clear, that if the plaintiff can show good cause for the failure to serve process within 90 days, then the time for service of process "must" be extended.  Defendants' dispute that good cause exists and then makes the incorrect leap that absent "good cause" the Complaint must be dismiss – wholly ignoring the second part of the Rule which permits the Court to extend the time to effect service even in the absence of "good cause."

Good cause is a legal term of art.  *See* Webster's Third International Dictionary 978 (1993) ("A cause or reason *sufficient in law*") (emphasis added). Generally, legal terms of art are given their established meaning in the legal context.  *See e.g., McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 342 (1991). Thus, "good cause" as used in Rule 4(m) refers to legally sufficient ground or reason based on *all* relevant circumstances.  *See Madden v. Texas*, 498 U.S. 1301, 1305 (1991) (good cause is a "case-by-case" determination with many relevant

factors) (Scalia, J., in chambers); <u>Webster's Third New International Dictionary</u> 978 (1993) ("one that is based on equity or justice or that would motivate a reasonable man under all the circumstances); <u>Black's Law Dictionary</u> 623 (5th ed. 1979) (good cause "depends upon [the] circumstances of [an] individual case").

Defendants argue that the case must be dismissed because attorney negligence in serving process is not good cause. In other words, defendants seize upon a single fact of this case and argue that this single fact alone is dispositive. However, attorney Steinberg reasonable held off on serving the Complaint in this case until he was given instructions by plaintiff that, even though the 2016 election had concluded, that the issues were of sufficient import that the plaintiff intended to dedicate the significant economic resources necessary to adjudicate the very important issues raised in plaintiff's Complaint – that the chief election official in Broward County, in a tight presidential contest, is accused by an impartial third party, through sworn affidavit, to have been caught instructing or permitting her staff to fill in blank absentee ballots, in a locked and guarded interior room of the Broward County Board of Elections prior to the 2016 general election. Attorney Steinberg's conduct sought conserve economic and judicial resources until he was certain that plaintiff intended to see the action through to completion.

Defendants' argument must fail as it is wholly inconsistent with the meaning of "good cause," which necessarily requires courts to consider all relevant facts

and circumstances. Indeed, courts have identified multiple factors that must be considered – not all of which will be present in every case – to determine whether good cause exists. Among the many factors bearing on the good cause inquiry are; (i) the possibility of prejudice to the defendant; (ii) the length of the delay and its impact on the proceedings; (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control; (iv) whether the plaintiff sought an extension before the deadline; (v) the plaintiff's good faith; (vi) the plaintiff's *pro se* status; (vii) any prejudice to the plaintiff; (viii) and whether time has previously been extended. *See, e.g., Kurka v. Iowa Cnty, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010); *Newby v. Enron Corp.*, 284 F. App'x 146, 149-51 (5th Cir. 2008); *Carter v. Keystone*, 278 F. App'x 141, 142 (3rd Cir. 2008); *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008); 4B Wright & Miller, Federal Practice & Procedure: Civil § 1137 at 349 n.24 (2015) (collecting cases elaborating relevant factors).

These factors, applied to the instant case, point persuasively to the existence of good cause to allow service of process eight and fifteen days late. Defendants have offered no evidence that they will be prejudiced by allowing this case to proceed; for example, the delay has not been so significant that defendants cannot now mount an effective defense (if one ever existed). Indeed, the delay in serving process was relatively short – a mere eight and fifteen days late for defendant Detzner and Snipes, respectively, which is far below the 120-day period to serve

process that the Federal Rules of Civil Procedure formerly embraced as reasonable. Although the delay is ultimately traceable to a lack of communication between plaintiff and his legal counsel, it is clear that plaintiff's counsel acted in good faith in not wanting to serve process until he was assured that the plaintiff remained dedicated to fully litigating the issues, causes of action and remedy sought and advanced in the Complaint.  In short, through the fog of miscommunication, plaintiff's counsel did not want to waste either the economic or judicial resources of this Court, the defendants and opposing counsel.  At bottom, the delay was motivated as a potential cost-measure for all parties to this case – including the defendants and their legal counsel.  Plaintiff's legal counsel's abundance of caution simply extended beyond the new 90 day period established by the amended Rule 4(m).  Additionally, the delay was not extended beyond a prior extension – service was only delayed beyond the initial time period established by Rule 4(m), it did not violate an extended date certain set by the Court.  Furthermore, the delay in service, short as it was, has had no impact on the proceedings.

     Accordingly, on balance, the relevant facts and circumstances of this case point toward finding good cause to retroactively extend plaintiff's time to serve process pursuant to Rule 4(m) to March 22, 2017 – one day after service of defendant Snipes was accomplished.

## II. Time for Service Should Be Extended Even If "Good Cause" is Not Established.

The analysis of "good cause" is not the end of the analysis. Even if this Court does not find plaintiff's delay in the service of the Complaint to be the product of "good cause" the Court must then move to consider whether an extension of time is warranted even if plaintiff's excuse does not rise to the level of "good cause." Application of Rule 4(m) in conjunction with Rule 1 of the Federal Rules should lead this Court to deny defendants' motions to dismiss and retroactively extend the time for plaintiff to serve the Complaint to Match 22, 2017, one day after all defendants were served in this action.

The language of Rule 4(m) makes clear that the presence of "good cause" for the failure to serve the Complaint on time renders mandatory a district court's extension of time to serve process. Yet, the portion of Rule 4(m) permitting a district court to "order that service be made within a specified time" is in no way tethered to any showing of good cause for the delay. Thus, Rule 4(m) unambiguously permits an extension of time to serve the Complaint regardless of whether the plaintiff can show good cause for the delay. Many cases have so held with respect to the previous 120 day time period under the old Rule 4(m). *See, e.g., Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *In re Sheehan*, 253

F.3d 507, 513 (9th Cir. 2001); *McCurdy v. American Bd. Of Plastic Surgery*, 157 F.3d 191, 196 (3d. Cir. 1998); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).  The Advisory Committee Notes to the pre-2015 amendments of Rule 4(m) expressly noted that: "The new subdivision…authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown) .  Courts and commentators are virtually unanimous in the view that the sole dissident opinion in *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995), is flatly wrong, where that court applied, without any discussion or analysis, an even older version of Rule 4(m)  – where the even older iteration of Rule 4(m) did not permit the Court relieve an untimely service absent a showing of good cause.  Indeed, even the Fourth Circuit appears to consider *Mendez* to be wrongly decided in this point.  *See, e.g., Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793-94 (4th Cir. 2010 (stating a rule contrary to *Mendez*).

    Rule 1 of the Federal Rule of Civil Procedure instructs that all of the Federal Rules "should be construed, administered, and employed by the court…to secure the just, speedy, and inexpensive determination of every action and proceeding."  If this Court were to grant defendants' motions to dismiss, the only result will be that plaintiff will refile the Complaint and serve it on defendants, with the added requirement that the newly hired attorney newly admitted *pro hac vice* in this case

will also have to refile and pay a new filing fee to enter the refiled action as the lead attorney in the case. In other words, granted defendants' motions to dismiss will merely delay this case and cause added and unnecessary expense to plaintiff. Granting defendants' motions to dismiss, flatly stated and given the circumstances of this case will be a violation of Rule 1 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For all the foregoing stated reasons, this Court should deny defendants motions to dismiss and retroactively extend the time to serve the Complaint in this action to March 22, 2017.

Respectfully submitted,

Dated: April 21, 2017      ____/s/ *Paul A. Rossi*_____
Paul A. Rossi, Esq.
*Attorney for Plaintiff*
Admission *Pro Hac Vice*
PA I.D. # 84947
316 Hill Street
Mountville, PA 17554
Ph: 717.961.8978
Paul-Rossi@comcast.net

## CERTIFICATE OF SERVICE

I, Paul A. Rossi, attorney for plaintiff, admitted *pro hac vice*, hereby certify that on April 21, 2017, I personally caused to be served on all parties in this action, including opposing counsel of record, a true and correct copy of the foregoing document on opposing counsel through the Court's ECF system.

Dated:  April 21, 2017                          ____/s/ *Paul A. Rossi, Esq*_____
                                                                                    Paul A. Rossi, Esq.