# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ROQUE "ROCKY" DE LA FUENTE GUERRA,

      *Plaintiffs*,

v.                              **Case No. 4:16cv751-MW/CAS**

DR. BRENDA C. SNIPES, IN HER OFFICIAL
CAPACITY AS THE BROWARD COUNTY
SUPERVISOR OF ELECTIONS, AND KEN
DETZNER, IN HIS OFFICIAL CAPACITY AS
FLORIDA SECRETARY OF STATE,

      *Defendants.*

_____/

## ORDER GRANTING DEFENDANTS'
## MOTIONS TO DISMISS

This Court has considered, without hearing, Defendant Detzner's and Defendant Snipes's Motions to Dismiss. ECF No. 11 (Detzner); ECF No. 13 (Snipes). For the reasons stated below, those motions are **GRANTED**.

I

Plaintiff filed this suit—which, in very general terms, seeks to curb alleged voter fraud in future elections—on December 6, 2016. ECF No. 1. Thus, Plaintiff was required to serve Defendants with a summons and the complaint by March 6, 2017. *See* Fed. R.

Civ. P. 4(m) (granting a ninety-day window to serve the defendants). Given that Plaintiff's ninety-day deadline was fast approaching, this Court alerted Plaintiff to the looming deadline on March 1, 2017, and requested that he show cause as to why his complaint should not be dismissed. ECF No. 4. All Plaintiff had to do was serve Defendants within that remaining five-day window and respond that he had, in fact, met the original ninety-day deadline. But he failed to do so, partially because he neglected to inform his attorney whether he wished to proceed with his case. *See* ECF No. 9, at 1–2 ("After the complaint was filed, the undersigned was awaiting instructions from the Plaintiff as to whether he wished to proceed.").

As a result of that neglect, Defendants separately moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and 4(m). They argue that Plaintiff failed to serve them by the March 6, 2017, deadline and that Plaintiff has not shown any reason to excuse that failure.

## II

In deciding a Rule 12(b)(5) motion, courts look to Rule 4, which governs the content, issuance, and service of a summons.

Rule 4(m) provides that a plaintiff must serve a summons and complaint to all defendants within ninety days after the complaint is filed. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). That ninety-day window, however, must be extended if the plaintiff shows "good cause" for the delay. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2008 WL 4500395, at *2 (S.D. Fla. Sept. 30, 2008) ("However, the plaintiff may request an extension of time for service of process on the showing of good cause." (citing Fed. R. Civ. P. 4(m)). "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone–Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). Good cause also includes "'sudden illness, natural catastrophe or evasion of service of process.'" *Roca Labs, Inc. v. Boogie Media, LLC*, No. 8:12-cv-2231, 2013 WL 1703555, at *1 (M.D. Fla. Apr. 19, 2013) (quoting *Pridemore v. Regis Corp.*, No. 3:10-cv-605, 2011 WL 9120, at *2 (M.D. Fla. Jan. 3, 2011)).

Plaintiff has not demonstrated "good cause" to excuse his delay. That is despite Plaintiff's counsel valiant attempt to shift the blame to the "fog of miscommunication" between him and his client. ECF No. 18, at 6. More specifically, counsel argues that in an effort to conserve judicial resources, he waited to serve Defendants until his client had informed him that he wanted to proceed with his case. *Id.* But counsel—specifically, Mr. Steinberg—had plenty of time to consult with Plaintiff, and this Court went out of its way to alert Plaintiff to the impending deadline. *See* ECF No. 4. Furthermore, Plaintiff's complete failure to timely respond to his counsel's questions is not the type of "'outside factor'" that generally constitutes good cause. *See Rance*, 583 F.3d at 1286 (distinguishing inadvertence and neglect from other "'outside factor[s] [that] prevent[] service'" (quoting *Lepone–Dempsey*, 476 F.3d at 1282)). While counsel may have believed that his delay was saving opposing counsel and this Court time and money, Plaintiff was still responsible for serving Defendants in a timely fashion. Plaintiff's negligence therefore fails to meet Rule 4(m)'s "good cause" standard. *See Pierce v. Kyle*, 445 F. App'x 201, 202 (11th Cir. 2011).

But that does not resolve the matter. Even if a court finds that a plaintiff has failed to show good cause under Rule 4(m), the

court still must consider whether other factors warrant an extension of time. *Rance*, 583 F.3d at 1286 (citing *Lepone–Depmsey*, 476 F.3d at 1281–82); *see also Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause"). For example, courts may rightfully exercise their discretion to extend the ninety-day window for service of process "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Jimenez v. Tony B's Painting Tile & Renovations, Inc.*, No. 6:06-cv-1664, 2007 WL 1296050, at *2 (M.D. Fla. May 1, 2007) (quoting *Horenkamp*, 402 F.3d at 1132).

Even setting aside the "good cause" standard, Plaintiff has not provided this court with a satisfactory reason to excuse his delay. His main argument to the contrary is that he plans to refile this case, and granting the motion to dismiss would "cause added and unnecessary expense to [P]laintiff." ECF No. 18, at 9. But rules are rules. Plaintiff, like every other litigant before this Court, must comply with them. Perhaps the added expense of refiling this case will cause Plaintiff to exercise diligence in the future.

Accordingly,

**IT IS ORDERED**:

1. Defendant Detzner's Motion to Dismiss, ECF No. 11, is
   **GRANTED**.

2. Defendant Snipes's Motion to Dismiss, ECF No. 13, is
   **GRANTED**.

3. The Clerk shall close the file.

**SO ORDERED on April 28, 2017.**

<u>**s/Mark E. Walker**</u>
**United States District Judge**